BENJAMIN KNIGHT *vs.* JOHN C. FIFIELD & another.

When a creditor, who has committed his debtor in execution, lives out of the commonwealth, but has two attorneys of record, partners in business, within the same, it is a sufficient service of a citation, giving the creditor notice of the debtor's intention to take the poor debtors' oath, if the officer returns that he has given " an attested copy " of the citation to such " attorneys."

THIS was an action of debt on a bond for the prison limits, in usual form, and came up by appeal from the court of common pleas, after a judgment for the defendant in that court on an agreed statement of facts. The defence relied on was a discharge within the ninety days limited by the condition, by

taking the poor debtors' oath, which was duly certified to the jailer. The plaintiff objected to the validity of this discharge, for want of legal and sufficient notice to the creditor of the time and place appointed for the examination and taking the oath. The creditor lived out of the state, and his attorneys were Messrs. Hutchins & Wheeler, partners in the business of attorneys at law, in Boston, in the county of Suffolk, where the judgment was rendered. An officer, duly qualified, returned that he had served the citation on the said Benjamin Knight, "by giving in hand an attested copy to Messrs. Hutchins & Wheeler, his attorneys of record." The objection was, that the return showed but one copy, and could not be good service on two persons.

*H. C. Hutchins*, for the plaintiff.

*H. A. Scudder*, for the defendants.

SHAW, C. J. The court are of opinion, that this citation was well served on the creditor. Rev. Sts. *c.* 98, § 3. The creditor was out of the state. Messrs. Hutchins & Wheeler were the attorneys who prosecuted the suit and obtained the judgment. The statute does not, in terms, require several notices to several attorneys; it speaks of the "attorney." The general rule is, that when two or more persons are subject to a joint duty or obligation, upon notice, and when other special notice is not made necessary, by statute or by contract, a notice addressed to all, and served on one, is notice to all. *Morse* v. *Aldrich*, 1 Met. 544, and cases there cited. *A fortiori*, when several are attorneys at law and partners, exercising a joint power for one and the same principal.

But, taking the return to be true, and giving it a strict and literal construction, it is well enough. There is no impracticability in delivering one paper to two persons sitting or standing together; or in delivering it to one, in the presence and hearing of both, and saying it is for them; or in handing it to one, and then, by consent, taking it and handing it to the other. That it was delivered to both, is not more improbable, in fact, than the case where an officer returned that he had summoned three creditors by leaving "a copy" at their last and usual place of abode; in which case, if the return was

true, they must all have had one and the same place of abode. But it was held, as that was not impracticable, that the return must be taken to be true, and could not be limited or enlarged by evidence *aliunde.* *Leach* v. *Hill,* 3 Met. 173.

By *St.* 1844, *c.* 154, § 4, provision is made, that service on one plaintiff, or one agent or attorney, shall be sufficient. But it is insisted, that if the defendants relied on this statute, it must appear by the return, which attorney it was served upon, which does not appear in this case. But we think, for reasons already stated, that this case does not depend on that statute, because the notice was sufficient without, which renders it unnecessary to consider that objection.

*Judgment affirmed.*